## MCCORMICK *et al.* v. VOLSACK.

1. Where a defendant admits the execution of a written instrument, but seeks to avoid liability thereon, on the ground that it was executed under duress, the trial court should instruct the jury as to what constitutes duress.

2. In such case, a charge which instructs the jury that if the instrument sued upon "was obtained by means of threats, coercion, or subjecting the defendant to fear," or "obtained by force, threats of violence, or fear," the plaintiffs could not recover, is defective and erroneous in not going further, and advising the jury as to the nature or character of the threats or coercion or fear which would avoid apparent consent.

( Syllabus by the Court. Opinion filed May 29, 1893.)

Appeal from the circuit court, Day county. Hon. J. O. AN-DREWS, Judge.

Action on a judgment by L. J. McCormick and another, as surviving partners of the firm of C. H. & L. J. McCormick, against Andrew Nelson Volsack. Defendant had judgment, and plaintiffs appeal. Reversed.

*J. H. Lund* and *Julian Bennett*, for respondent.

On appeal only an objection raised in the lower court to the admission of evidence will be considered. Deverroux v. Sunn, 4 N. Y. 655. Where the testimony is conflicting and there is evidence to support it the verdict will not be disturbed,

Moline v. Gilbert, 3 Dak. 240; French v. Lancaster, 9 N. W. 716; Canfield v. Boyle, 11 N. W. 511; Harvey v. Edwards, 10 S. E. 1014; Cottrell v. Southwick, 32 N. W. 22.

*H. H. Potter*, and *George F. Miller, (F. B. Brown, of Counsel.)* for appellants.

Courts have the power to supervise and correct the verdict of juries. Proffat Jury Trial, 429; 1 Graham & Waterman, New Trial, 361; 16 Am. & Eng. Enc. Law, 552; Cook v. U. S. 1 Greene, 56; Heath v. Coal Co. 65 Ia. 737; Broune v. Hickie, 27 N. W. 276; Victor v. Day, 14 W. 169; Perkins v. Frinka, 15 N. W. 115. The constraint which takes away free agency and destroys the power of giving assent to a contract must be one which is imminent and such as would operate on the mind of a person of reasonable firmness of purpose. Miller v. Miller, 68 Pa. 486; 2 Greenleaf Ev. § 301; Bosley v. Shanner, 26 Ark. 280; Barrett v. French, 1 Conn. 354; Bane v. Detrick, 52 Ill. 19.

KELLAM, J. This was an action brought by appellants as plaintiffs against the respondent as defendant upon a confession of judgment alleged to have been executed by respondent in the State of Minnesota. The defense was that the same was executed by respondent under duress and menace. The case was tried to a jury, who returned a verdict for the defendant, and from a judgment on such verdict this appeal is taken.

Among the errors assigned is that the court erred in instructing the jury as to what would constitute such duress or menace as would avoid defendant's act of executing the confession. The court, after properly charging the jury that, the signing being admitted, the burden of avoiding it was upon the defendant, proceeded as follows: "Now, as a matter of law, the court instructs you that if the confession of judgment was obtained under such circumstances,—that is, by means of threats, coercion, or subjecting the defendant to fear,—then, in that event, it would not be such a confession of judgment as is recognized by law as the voluntary act of the defendant, and

the plaintiffs could not recover thereon.    Notwithstanding as a matter of fact that the defendant may have owed at the time of this alleged confession, yet if the confession was obtained, as I say, in this manner,—by force, threats of violence, or fear,— then it would not be a voluntary act of the defendant, and the plaintiff could not recover.'' We think this instruction as to what would avoid the confession was too liberal, and allowed the jury too much latitude, when it told them that either "threats, coercion, or subjecting the defendant to fear," or, as again expressed, "force, threats of violence, or fear," would be sufficient to destroy his legal liability.    Under our statutes the duress or menace which will avoid apparent consent are clearly defined. Sections 3504, 3505, Comp. Laws.    Compared with these statutory provisions, we think such general instructions would not sufficiently inform the jury as to the essential elements of duress; that is, as to the nature or character of the threats or coercion or fear which would avoid formal or apparent consent. But this confession was made and executed in Minnesota, and this question ought probably to be tested by the law of that state.    It was not shown upon the trial what the law of that state was.    In such case the authorities are not entirely agreed as to what presumption attaches.    In 19 Amer. & Eng. Enc. Law, p. 47, it is said that the weight of authority is that the foreign statute will be presumed to be the same as that of the forum.    On the other hand, Professor Greenleaf says that, in the absence as to evidence as to a foreign law, it will be presumed that the general principles and rules of the common law are there in force.    1 Greenl. Ev. p. 43.

Without now deciding which presumption should prevail in this jurisdiction, we are of the opinion that the instruction was fairly criticisable under both the common law and our statutes, and would allow and justify the jury in finding an avoiding duress or menace upon facts which would not legally constitute such.    The facts upon which they might find duress were in each case stated disjunctively.    They might find duress

if they believed from the evidence that the signing was the re-
sult of fear of any kind upon the part of the defendant.   While
it was not probably so intended by the court, we think the ef-
fect of the charge was that the jury might find the confession
avoided if they believed from the evidence that it was executed
through fear of ultimate consequences to the defendant if he
did not sign it, without limiting such consequences to any of
the recognized forms of duress.   Cooley thus defines "duress:"
"Duress is either of the person or of the goods of the party,
and the former is either by imprisonment, by threats, or by an
exhibition of force that apparently cannot be resisted.   *   *   *
Threats constitute duress where they cause reasonable apprehen-
sion of loss of life, or of some great bodily harm, or of impris-
onment."   Cooley, Torts, 506.   Parsons, in speaking of duress
that will avoid contracts, says:   "Duress by threats does not
exist wherever a party has entered into a contract under the in-
fluence of a threat, but only where such a threat excites a fear
of some grievous wrong, as of death, or great bodily injury, or
unlawful imprisonment."   1 Pars. Cont. 393.   Greenleaf says:
"The common law divided it [duress] into two classes, namely,
duress *per minas*, and duress of imprisonment.   Duress *per
minas* is restricted to fear of loss of life or of mayhem or loss
of limb, or, in other words, of remediless harm to the person."
2 Greenl. Ev. § 301.   Undoubtedly these definitions are too
narrow to be now accepted as inflexible, but they serve to show
the importance of fully and carefully informing the jury in a
case like this as to the character of the compulsion or threats
or fear which will avoid a contract.   Threats reasonably pro-
ducing fear of great bodily harm would be duress, but threats
reasonably producing a fear that if he did not execute the con-
fession plaintiff would use other more expensive or troublesome
means of procuring judgment or collect the debt would not be
duress.   In this case, if the jury believed all the evidence of de-
fendant as to the circumstances under which this confession
was consented to and signed, they might have properly found

duress; but they ought not to have so found if they only believed from the evidence that defendant executed the confession through fear of something which would not constitute duress. It is easy, in this case, to say that the jury evidently believed the statements of the defendant as to the circumstances under which he signed the confession, and discredited that of plaintiff's witnesses, and that defendant's statements made a clear case of duress; but under the instructions of the court the jury might have returned this same verdict if they discredited all of defendant's statements which distinctively brought the alleged duress within the definition of the law, but still believed that he signed it through fear of some other consequences than of injury to person or property. We cannot tell how much or how little of the evidence of either witness they believed, and the error of the instruction is that it left them at liberty to find such verdict upon utterly insufficient evidence. We think the failure of the instructions to go further, and define to the jury what consequences must be reasonably feared or apprehended in order to avoid the execution of the confession was a defect and error that might have worked to the plaintiff's prejudice. The judgment of the circuit court is reversed, and the cause remanded for a new trial. All the judges concurring.